UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 11-305(22)(DSD/LIB)

United State of America,

        Plaintiff,

v.                                      **ORDER**

Caine Ramus Starks,

        Defendant,

    This matter is before the court upon the motion by defendant Caine Ramus Starks reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and to appoint counsel. On December 6, 2011, Starks pleaded guilty on Count 2 of the Indictment alleging conspiracy to distribute oxycodone, oxymorphone, and heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846, and Count 74 for using, carrying, or possessing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)91)(A)(I).

    The court may modify a term of imprisonment when the Sentencing Commission subsequently lowers a sentencing range. 18 U.S.C. § 3582(c). In 2014, the Sentencing Commission promulgated Amendment 782, which retroactively reduces the base offense level for many drug offenses by two levels. See U.S.S.G. §§ 1B1.10, 2D1.1(c); id. App. C, Amend. 782. The two-level reduction, however, does not allow the court to reduce a sentence to below amended minimum guideline range. U.S.S.G. § 1B1.10(b)(2)(A); United States v. Marvin T. Starks, 551 F.3d 839, 842 (8th Cir.

2009).

At sentencing, the court determined that Starks had an offense level of 29.  With a criminal history category of IV, Starks' advisory guideline range of imprisonment was 121 to 151 months for Count 2, plus a mandatory 60-month consecutive sentence for Count 74.  The court varied downward and sentenced Starks to 84 months on Count 2, plus the 60-month consecutive sentence.  After Amendment 782, Starks' advisory guideline range of imprisonment on Count 2 is 100 to 125 months.  Starks' sentence remains below the minimum guideline range.  As a result, the court cannot further reduce Starks sentence.

Starks also asks for appointment of counsel.  However, a defendant has no Sixth Amendment right to counsel for a § 3582(c) proceeding.  United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009).  Even if the court had discretion to appoint counsel for Starks, it declines to do so given the straightforward nature of the issue.

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) and appointment of counsel [ECF No. 1170] is denied.

Dated:  November 20, 2015

                                                    s/David S. Doty
                                                    David S. Doty, Judge
                                                    United States District Court